# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL JOHNSON KANGERE | : |
| Plaintiff | : |
| v. | :    Civil Action No. AW-10-510 |
| SHEILA DAVENPORT, Chief Executive Officer, Clifton T. Perkins Hospital Center | : |
| Defendants | : <br> ..o0o.. |

## MEMORANDUM

Pending is Samuel Johnson Kangere's ("Kangere") complaint under 42 U.S.C. § 1983 raising claims about the conditions of his confinement and requesting damages. Counsel for Clifton T. Perkins Hospital Center ("Perkins") and Shelia Davenport, Chief Executive Officer of Perkins moves to dismiss the Complaint pursuant to F. R. Civ. P. 12 (b) (6) or in the alternative, F. R. Civ. P. 56. Kangere has filed a reply. After careful review of the pleadings and law, the court will dismiss the party defendants and grant Kangere twenty-eight days to: 1) identify the individuals whom he claims committed the actions about which he is complaining; 2) when and where these actions occurred; and 3) his efforts to administratively resolve his grievances.

## BACKGROUND

In 2007, Kangere was charged with kidnapping a minor. He was admitted in October of 2007 to Perkins, a state psychiatric facility, for a competency evaluation. Based on that evaluation, the District Court for Baltimore City determined Kangere incompetent to stand trial and ordered him committed to Perkins. *See* Criminal Case 5B01887037; *see also Kangere v. Davenport*, Civil Action No. AW-09-2116 (D. Md).

**PETITIONER'S CLAIMS**

Kangere asserts that he is improperly held because the name in the charging document does not reflect the correct spelling of his name. Additionally, he alleges that he was: 1) improperly administered a biopsy and spinal tap; 2) improperly placed in seclusion; 2) not informed of a clinical review panel meeting; 3) forcibly medicated; 4) threatened for failing to participate in a research study; 5) attacked by a female patient; and 6) threatened with destruction of his court documents. He also states that 7) hospital staff walked in on him while he was showering and in the bathroom.[1] Kangere does not identify the names of the persons who allegedly committed these actions or the dates and places were these incidents occurred.

**STANDARD OF REVIEW**

To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937 (2009)) (internal quotations and emphasis omitted). The facts alleged must be enough to "raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). The court will view the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations in the complaint. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Further, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean that it can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, or assume the existence of a genuine issue of material fact where none exists. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Kangere's claims of illegal confinement were dismissed without prejudice for failure to exhaust administrative remedies. Paper No. 4.

The Court is obliged to dismiss actions that fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. § 1915(e)(2).

## ANALYSIS

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a "person" acting under color of state law. *See West v. Adkins*, 487 U.S. 42, 49 (1988). Perkins is a building and not a person subject to suit under the statute and is dismissed as a defendant on this basis.

Further, Kangere does not allege that Sheila Davenport personally participated in the incidents alleged in the Complaint. To the extent that he brings this action against Davenport in her under the doctrine of respondeat superior, does not apply in civil rights proceedings filed pursuant to 42 U.S.C. § 1983. *See Monell v. Department of Social Services*, 436 U.S. 694 (1978). Plaintiff fails to allege any evidence that Davenport was involved in or authorized the practices about which he complains. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Inasmuch as Kangere alleges actionable civil rights violations, the Court will grant him twenty-eight days to: 1) identify the individuals whom he claims committed the actions about which he is complaining; 2) when and where these actions occurred; and 3) his efforts to administratively resolve his complaints. Plaintiff is directed to put the above case number on all documents he files with the Court.

## CONCLUSION

For these reasons, the Court will dismiss Defendants as parties to this proceeding. Plaintiff is granted twenty-eight days to supplement the Complaint. A separate Order follows.

<u>October 22, 2010</u>              _____//s//_____
Date                                           Alexander Williams, Jr.
                                                  United States District Judge