# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SAMUEL JOHNSON KANGERE      :

    Plaintiff      :

    v.      :      Civil Action No. AW-10-510

CLIFTON T. PERKINS HOSPITAL      :
CENTER, et al.,
        :
    Defendants      ..o0o..

## MEMORANDUM

Plaintiff pro se Samuel Johnson Kangere was directed to name the individuals[1] who allegedly violated his civil rights[2] and provide supplemental factual information in support of his claims. ECF No. 26. Kangere was cautioned that failure to comply might result in dismissal of this case. Kangere has filed a paper that is a nonresponsive. (ECF No. 27). Accordingly, this case will be DISMISSED without prejudice.

Instead of identifying the alleged perpetrators of illegal surgeries against him, Kangere has filed a paper naming an administrative judge, various administrators in the Department of Health and Mental Hygiene, doctors, nurses, technicians, security guards, and a myriad of other individuals whose roles in the actions alleged in the complaint are unclear. Kangere appears to refer to a procedure performed at the University of Maryland in 2007, but fails to state who ordered or performed the procedure and whether this is the biopsy and/or spinal tap at issue in his complaint. Kangere notes the procedure was not helpful to him but fails to explain why it was

---

[1] Sheila Davenport and the Clifton T. Perkins Hospital (Perkins) were previously dismissed as defendants from this case. ECF No. 26. Sheila Davenport was the chief executive officer at Perkins when the Complaint was filed. Susan Steinberg is presently Acting Chief Executive Officer.

[2] Plaintiff initially submitted this action as a hybrid prisoner civil rights complaint and petition for writ of habeas corpus. Kangere's claim of illegal confinement was dismissed without prejudice for failure to exhaust administrative remedies. ECF No. 4. On December 1, 2009, Kangere's earlier petition for writ of habeas corpus was dismissed without prejudice for lack of exhaustion. *See Kangere v. Davenport*, Civil Action No. AW-09-2116 (D. Md).

illegally performed.

Kangere has failed to comply with the court's order to supplement the complaint. Although the court is mindful that Kangere is self-represented and has accorded his complaint liberal interpretation, he has failed to comply with court order and to provide facts sufficient for this matter to proceed. Appointment of counsel shall be denied. Accordingly this case will be DISMISSED without prejudice.

Lastly, Kangere's attempt in his paper (ECF No. 27) to raise new claims against various new individuals for providing food to him on dirty trays, throwing his food into the trash, denying him use of the telephone, injecting him with a skin disease, harassing him, and providing Perkins residents with contaminated mouth wash will not be considered here. In the event Kangere wants to pursue claims against medical providers or pursue claims against other defendants, he will be provided a prisoner civil rights forms and information packet. Kangere is cautioned that if he pursues his claims medical staff for civil rights violations, he must specifically state the names of the persons who allegedly ordered and performed the allegedly illegal surgeries. Kangere should specify the date and place where the surgery occurred, the type of surgery, who ordered the surgery, and why he believes the operations were illegal.

This case will be DISMISSED and CLOSED. A separate order follows.

Date: May 17, 2011 _____/s/_____
Alexander Williams, Jr.
United States District Judge